IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DANIEL NEAL KRUMM | ) | Bankruptcy Case No. 12-51092 |
| VELMA JEANETTE KRUMM | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| LIFESTORE BANK | ) | |
| | ) | Adversary Proceeding No. 14-05012 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BARRETT CRAWFORD, CHAPTER 7 | ) | |
| TRUSTEE FOR DANIEL NEAL KRUMM | ) | |
| AND VELMA JEANETTE KRUMM | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION BY LIFESTORE BANK FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT

COMES NOW plaintiff, LifeStore Bank, through counsel, pursuant to Rule 7012 and 7056 of the Federal Rules of Bankruptcy Procedure and Rules 12(c) and 56 of the Federal Rules of Civil Procedure, and requests that the Court enter judgment on the pleadings or, in the alternative, summary judgment, in favor of LifeStore Bank, and in support thereof, shows the Court as follows:

1.    LifeStore Bank filed a Complaint in this adversary proceeding on March 21, 2014.

2. Defendant, Barrett Crawford, Chapter 7 Trustee, filed an Answer and Counterclaim on May 20, 2014.

3. In his Answer, the Trustee largely admits the pertinent factual allegations of the Complaint. In summary, the pertinent facts are as follows:

- At the time they filed Chapter 7, the Debtors owned five condominium units (Unit # 2, 4, 6, 7, and 8) located at 218 Elk Hills Drive in Avery County, North Carolina (the "Real Property");

- At the time of the bankruptcy filing, LifeStore Bank held a deed of trust against the Real Property that secured an indebtedness owed by the Debtors to LifeStore in the original principal amount of $310,000;

- The Debtors' received their Chapter 7 discharge on February 20, 2013;

- Nearly one year after the Debtors' bankruptcy case was filed, but while the bankruptcy case was still open, the Debtors transferred the Real Property to LifeStore Bank by way of a Deed in Lieu of Foreclosure. Said Deed in Lieu of Foreclosure was recorded with the Office of the Register of Deeds on November 15, 2013;

- The Real Property was property of the Debtors' bankruptcy estate at the time of the transfer to LifeStore Bank;[1]

- Pursuant to the authority of this Court, the Real Property was sold on or about May 14, 2014 and any applicable liens were transferred to the

---

[1] LifeStore Bank has alleged in its Complaint that the Real Property was exempted and for that reason the Real Property may not be property of the Debtors' bankruptcy estate. However, for purposes of this Motion, LifeStore will presume that the Real Property is, in fact, estate property.

proceeds of sale. Counsel for LifeStore Bank currently holds net sale proceeds in the amount of $315,041.81 in his firm trust account.

4. One relevant fact that is not admitted to in the Trustee's Answer concerns the outstanding balance owing to LifeStore Bank under its Note and Deed of Trust. As outlined in the Affidavit of Ruth Johnson, Executive Vice President and Chief Credit Officer of LifeStore Bank, attached hereto as **Exhibit A**, as of May 21, 2014, the payoff balance owing under the Note and Deed of Trust was $317,193.54. Interest continues to accrue under the Note after May 21, 2014 at the per diem rate of $52.26.

5. In his Counterclaim(s), the Trustee asserts that the Real Property was property of the debtors' bankruptcy estate and that the transfer of the Real Property by the debtors to LifeStore Bank by way of the Deed in Lieu of Foreclosure (the "Transfer") is voidable as an unauthorized postpetition transfer pursuant to Section 549 of the Bankruptcy Code. The Trustee also alleges that, pursuant to Section 550 of the Bankruptcy Code, the Trustee is entitled to recover the "value" of the Transfer – presumably the net sale proceeds – for the benefit of the bankruptcy estate.

6. Assuming that the Real Property was not properly exempted by the debtors (without timely objection by the Trustee) and the Real Property is, in fact, property of the bankruptcy estate, then the Transfer was either (i) void _ab initio_, and thus avoidance under Section 549 is not necessary or appropriate, or (ii) not void per se, but voidable under Section 549 and the "value" thereof can possibly be recovered "for the benefit of the estate" under Section 550.

### The Deed in Lieu of Foreclosure is Void Ab Initio

7. If the Real Property is property of the bankruptcy estate, then the Debtors' had no legal authority (or legal title) to deed the Real Property to LifeStore Bank, and as such, the Deed in Lieu of Foreclosure is void.

8. As stated by Judge Leonard in In re Belardinelli, 2013 WL 653008 (Bankr. E.D.N.C. 2013), "[p]ursuant to § 541(a)(1) all property in the bankruptcy estate is subject to the sole discretion and control of the trustee, unless it is exempted or abandoned by the trustee." In Belardinelli, BB&T held a deed of trust against the debtors' real property. Said real property had not been exempted by the debtors and constituted property of the debtors' bankruptcy estate. While the Chapter 7 case was pending the debtors executed and recorded a quitclaim deed, purporting to transfer title to the real property to BB&T. BB&T moved to have the quitclaim deed deemed void and stricken from the Wake County Registry. Granting BB&T's motion, Judge Leonard explained:

> Irrespective of the validity of the quitclaim deed, the debtors had no authority to transfer the real property to BB&T. As of the petition date, any legal or equitable interest the debtors had in the real property became property of the estate subject to administration by the trustee. At that point, the debtors lost the right to execute a quitclaim deed transferring their interest in the real property, as asset of the bankruptcy estate, to BB&T. . . . Only the trustee or the bankruptcy court could control the further disposition of the real property. At the time of execution, the real property had not been abandoned by the trustee and neither debtors nor their counsel sought or obtained the bankruptcy court's approval to execute the quitclaim deed in favor of BB&T. . . . The debtors clearly did not have the authority to transfer the bankruptcy estate's interest in the real property because it was, as the debtors acknowledge, property of the estate at the time of execution and recordation of the quitclaim deed. Therefore, the quitclaim deed conveying the debtors' interest in the real property is void and title did not pass to BB&T.

Id. at *3 (emphasis added).

9. Here, as in Belardinelli, if the Real Property was not exempted by the Debtors, then the Real Property constituted property of the debtors' bankruptcy estate at the time that the Deed in Lieu of Foreclosure was executed and delivered by the debtors to LifeStore Bank. Similarly, as in Belardinelli, because only the Trustee had the power and authority to control the disposition of the Real Property, the execution and delivery of the Deed in Lieu of Foreclosure by the Debtors to LifeStore Bank was a void act which could not and did not pass legal title to LifeStore Bank.

10. The Deed in Lieu of Foreclosure states that it is conveyed to LifeStore Bank in consideration of all notes, debts, and obligations secured by LifeStore's deed of trust. If the Deed in Lieu of Foreclosure is void, all consideration tendered in exchange for the same is likewise void and of no effect. Here the stated consideration was the satisfaction of the underlying indebtedness. If the Deed in Lieu of Foreclosure is void, as Belardinelli would appear to establish, then entire transaction is void – the conveyance of title by the Debtors on one hand and the satisfaction of indebtedness by LifeStore on the other.

11. LifeStore's deed of trust was never cancelled of record, and for that reason, the deed of trust continues to act as a valid, enforceable lien against the Real Property (or the proceeds of sale).

### The Deed in Lieu of Foreclosure is Not Void, but Merely Voidable

12. Although the reasoning in Belardinelli appears unassailable, the Trustee has taken the position in his counterclaims that the Transfer is not necessarily void, but instead, voidable under Section 549.

13. Even if the Deed in Lieu of Foreclosure is merely voidable and not void, and even if the Trustee could successfully avoid the transfer of the Deed in Lieu of Foreclosure pursuant to Section 549, Code Section 550 does not afford the Trustee any relief because Section 550 requires that any potential recovery by the Trustee be for "the benefit of the estate." Here the Trustee cannot meet that burden, as 11 U.S.C. § 502(h) would entitle LifeStore Bank to an allowed secured claim for the full amount of its debt.

14. Section 549 of the Bankruptcy Code, like much of the Bankruptcy Code generally, is intended "to ensure that similarly situated pre-petition creditors are treated even-handedly." In re C.R. Stone Concrete Contractors, Inc., 462 B.R. 6, 27 (Bankr. D. Mass. 2011). Section 549 allows a trustee to avoid a post-petition transfer and Section 550 contains the statutory mechanism to recover the asset transferred (or its value). However, Section 550 of the Bankruptcy Code mandates that any potential recovery shall be "for the benefit of the bankruptcy estate." 11 U.S.C. § 550(a).

15. If a transfer is avoided and if recovery is had by a trustee under Section 550(a), then the transferee defendant is entitled to file a proof of claim for the amount of the avoided transfer and such claim shall be allowed "the same as if such claim had arisen before the date of the filing of the petition." 11 U.S.C. § 502(h). As correctly posited by one court, "[b]y virtue of the plain language of § 502(h), the status of a secured or unsecured claim arising thereunder is determined by its status as if the claim had arisen the date before the petition is filed. In other words, the claim is reinstated as if the transfer had not occurred." In re C.W. Mining Company, 477 B.R. 176, 186-87 (10th Cir. BAP 2012), aff'd 2014 WL 1424526 (10th Cir. 2014). In this case, if the transfer of the

Deed in Lieu of Foreclosure is avoided, LifeStore would be afforded an allowed secured claim for the full amount of its debt.

16. There can be no claim for relief under Section 549 and 550 where there is no harm to the estate from the transfer and no benefit to the estate from avoidance and recovery. In re C.W. Mining Company, 2014 WL 1424526 *2 (10th Cir. 2014).

17. Just this past February, Judge Whitley opined on the effect of Section 549 and secured creditors in In re Bechtold, 2014 WL 585304 (Bankr. W.D.N.C. 2014). In Bechtold, Judge Whitley wrote:

> With only a few exceptions that are inapplicable to this case, a Chapter 5 avoidance action may not be maintained against a fully secured creditor.
> § 549(b) prevents depletion of the bankruptcy estate by unauthorized transfers of its property. It has a restorative purpose, not a punitive one. § 549(b) is meant to ensure that similarly situated pre-petition creditors are treated even-handedly.
> § 549(b) allows a trustee to avoid only "a transfer of property of the estate." § 541 defines property of the estate as "interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In the avoidance context, "property of the estate" includes only the debtor's equity in the property after consideration of all liens and encumbrances.
> Moreover, by virtue of § 502(h), should a transfer of estate property be recovered under § 550, a resulting claim is placed in the same legal position as "if such claim had arisen before the date of the filing of the petition," meaning it is still considered a secured claim. If a transfer that satisfies a secured claim were to be avoided, by virtue of § 502(h), the bankruptcy estate would still owe the claimant a secured debt. As others have observed, there is, "little point in generating a flurry of paperwork to achieve the same result as has been achieved by [the unauthorized post-petition transfer]."

Id. at *7.

18. While it may very well have been improvident for the Debtors to transfer the Real Property to LifeStore by way of the Deed in Lieu of Foreclosure, at this juncture the pertinent question, as far as Chapter 5 of the Bankruptcy Code is concerned, is has the

bankruptcy estate been harmed or otherwise depleted by virtue of that transfer? Stated otherwise, can the bankruptcy estate possibly benefit from the recovery of the Transfer or the "value" thereof. The unassailable answers to both of those questions is "No."

19. Ultimately, whether the transfer of the Deed of Lieu of Foreclosure is wholly void as articulated in Judge Leonard in <u>Belardinelli</u>, or is merely voidable, the end result is the same – LifeStore is entitled to retain its secured claim against the Real Property or, as matters now stand, the proceeds of sale.

20. For the aforementioned reasons, judgment on the pleadings should be entered in favor of LifeStore and against the Trustee pursuant to Fed. R. Civ. P. 12(c) and Fed. R. Bankr. P. 7012. Alternatively, summary judgment should be granted in favor of LifeStore on its claims for relief, and against the Trustee on his counterclaims pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056.

WHEREFORE, for the reasons stated herein, LifeStore Bank respectfully requests that this Court enter an Order (i) dismissing the Trustee's counterclaims, (ii) entering judgment in favor LifeStore Bank as to its claims for relief, (iii) determining that LifeStore Bank has an enforceable lien against the Real Property and/or the proceeds of sale, and authorizing the payment of the sale proceeds to LifeStore Bank in satisfaction of its secured claim, and (iv) granting LifeStore Bank such other and further relief as this Court deems appropriate and just.

Respectfully submitted, this the 11th day of June, 2014.

DANIEL C. BRUTON
N.C. State Bar No. 22440
Attorney for LifeStore Bank

OF COUNSEL:

BELL, DAVIS & PITT, P.A.
Post Office Box 21029
Winston-Salem, NC 27120-1029
Telephone: 336-722-3700

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION

| | |
|---|---|
| IN RE: ) <br> ) <br> DANIEL NEAL KRUMM ) <br> VELMA JEANETTE KRUMM ) <br> ) <br> Debtor. ) <br> ) | Bankruptcy Case No. 12-51092 <br> Chapter 7 |
| In re: ) <br> ) <br> LIFESTORE BANK ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BARRETT CRAWFORD, CHAPTER 7 ) <br> TRUSTEE FOR DANIEL NEAL KRUMM ) <br> AND VELMA JEANETTE KRUMM ) <br> ) <br> Defendant. ) | Adversary Proceeding No. 14-05012 |

## AFFIDAVIT OF RUTH F. JOHNSON

The undersigned, after having been duly sworn, according to law, deposes and states as follows:

1. I am a resident of the State of North Carolina, am over the age of eighteen, and am under no legal disability. Unless otherwise stated, this Affidavit is made on personal knowledge of the facts stated herein.

2. I am the Executive Vice President and Chief Credit Officer of LifeStore Bank ("LifeStore").

3. On or about April 15, 2011, LifeStore loaned Daniel Krumm and Velma Krumm (the "Debtors") the principal sum of $396,025.00. In order to evidence their obligation to repay the loan amount to LifeStore, the Debtors executed and delivered to LifeStore a Promissory Note (hereinafter the "Note") wherein the Debtors promised to pay LifeStore the principal amount of $396,025.00, plus interest. A true and accurate copy of the Note is attached hereto as **Exhibit 1** and incorporated herein by reference.


EXHIBIT A

4.  In order to secure the amounts owing on the Note, on April 15, 2011, the Debtors executed and delivered to LifeStore a deed of trust (the "Deed of Trust") wherein the Debtors granted LifeStore a first-priority lien on five (5) condominium units (Unit # 2, 4, 6, 7, and 8) located at 218 Elk Hills Drive in Avery County, North Carolina (the "Real Property"), said Deed of Trust being duly recorded at Book 455, Page 1366 of the Office of the Register of Deeds of Avery County, North Carolina. A true and accurate copy of the Deed of Trust is attached hereto as **Exhibit 2** and incorporated herein by reference.

5.  As of May 21, 2014, the payoff balance owing under the Note and Deed of Trust was $317,193.54, including $301,008.52 in principal, $15,342.54 in accrued and unpaid interest, and $842.48 in late fees. Interest continues to accrue under the Note after May 21, 2014 at the per diem rate of $52.26.

6.  In November 2013, LifeStore took title to the Real Property pursuant to a Deed In Lieu of Foreclosure recorded in Avery County on November 15, 2013. Since that time, LifeStore has collected rents associated with the Real Property totaling $5,500. Additionally, LifeStore has incurred expenses associated with the Real Property, such as HOA dues, water and sewage, and maintenance totaling $4,118.46.

Further the Affiant sayeth not.

This the 10th day of June, 2014.

_____
RUTH F. JOHNSON
Executive Vice President and Chief Credit Officer
LifeStore Bank

Subscribed and sworn to before me,
this the 10th day of June, 2014.
_____
Signature of Notary Public

Thomas D Graybeal
Printed Name of Notary Public
My Commission Expires: 11-20-17

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DANIEL NEAL KRUMM | ) | Bankruptcy Case No. 12-51092 |
| VELMA JEANETTE KRUMM | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| LIFESTORE BANK | ) | |
| | ) | Adversary Proceeding No. 14-5012 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BARRETT CRAWFORD, CHAPTER 7 | ) | |
| TRUSTEE FOR DANIEL NEAL KRUMM | ) | |
| AND VELMA JEANETTE KRUMM | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF HEARING

TAKE NOTICE that a MOTION BY LIFESTORE BANK FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, SUMMARY JUDGMENT (the "Motion") has been filed by Bell, Davis & Pitt, P.A., counsel for LifeStore Bank. A copy of the Motion accompanies this Notice.

TAKE FURTHER NOTICE that a hearing will be held on the Motion on the 11th day of July, 2014 at 10:30 a.m., in the United States Bankruptcy Court for the Western District of North Carolina, at 200 West Broad Street, Room 301, Statesville, NC 28677.

No further notice of this hearing will be given.

This the 11th day of June, 2014.

_____
Daniel C. Bruton
State Bar No. 22440

OF COUNSEL:

BELL, DAVIS & PITT, P.A.
100 North Cherry Street, Suite 600
P. O. Box 21029
Winston-Salem, NC 27120-1029
(336) 722-3700

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **MOTION BY LIFESTORE BANK FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE, SUMMARY JUDGMENT** and **NOTICE OF HEARING** was served upon the following parties by mailing a copy of the same by first-class postage prepaid mail addressed as follows:

John W. Taylor
4600 Park Road, Suite 420
Charlotte, NC 28209

This the 11th day of June, 2014.

_____
DANIEL C. BRUTON
N.C. State Bar No. 22440